UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

CARLOS CUESTA,

    Plaintiffs,

v.

AURORA HOSPITALITY LLC and
DENVER MANAGEMENT INC. D/B/A
EMBASSY SUITES DENVER CENTRAL
PARK,

    Defendants.
_____/

# COMPLAINT

Plaintiffs, CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, AURORA HOSPITALITY LLC AND DENVER MANAGEMENT INC. C (hereinafter "Defendant"), and as grounds alleges:

## JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who splits his time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, CARLOS

CUESTA, is also a member of the, ACCESS 4 ALL INCORPORATED group.

5. At all times material, Defendant, AURORA HOSPITALITY LLC, was and is a Delaware Limited Liability Company, organized under the laws of the state of Delaware, with its principal place of business in Houston, Texas.

6. At all times material, Defendant, AURORA HOSPITALITY LLC, owned and operated a hotel located 4444 N. Havana Street Denver, Colorado 80239 (hereinafter the "Commercial Property").

7. At all times material, Defendant, DENVER MANAGEMENT INC D/B/A EMBASSY SUITES DENVER CENTRAL PARK, was and is a Corporation, incorporated under the laws of the state of Colorado, with its principal place of business in Houston, Texas.

8. At all times material, Defendant, DENVER MANAGEMENT INC D/B/A EMBASSY SUITES DENVER CENTRAL PARK, owned and operated a hotel and place of public accommodation located 4444 N. Havana Street, Denver, Colorado 80239 (hereinafter the "Commercial Property").

9. Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Denver, Colorado, Defendants regularly conduct business within Denver, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Denver, Colorado.

## FACTUAL ALLEGATIONS

10. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

11. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of the abundant lead-time and the extensive

publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' Commercial Property and the business therein, including the retail shopping store.

12. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the life side of his body. Plaintiff, CARLOS CUESTA, is also a member of the ACCESS 4 ALL INCORPORATED organization, discussed in more detail below.

14. Defendant, AURORA HOSPITALITY LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Denver, Colorado, that is the subject of this Action. Defendant, DENVER MANAGEMENT INC D/B/A EMBASSY SUITES DENVER CENTRAL PARK, also owns, operates and oversees a hotel business located in Denver, Colorado, that is the subject of this Action.

15. The subject Commercial Property is open to the public and is located in Denver, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 05, 2021 and September 06, 2021, encountered multiple violations of the ADA throughout the facility that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the other business

3

located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

16. Plaintiff visited the Commercial Property as a patron/customer, met with at least one other member of his group, ACCESS 4 ALL INCORPORATED, visits the Commercial Property and business within the Commercial Property as a patron/customer and intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property in January 2022 and February 2022 in order to prepare for and attend the group meetings for ACCESS 4 ALL INCORPORATED.  Plaintiff spends much of his time in and near Denver County, Colorado, in the same state as the Commercial Property, has frequented the Defendants' Commercial Property and business located within the Commercial Property for the intended purposes, and intends to return to the property within the next three (30 months (as detailed above)  as a member of and to conduct business for ACCESS 4 ALL INCORPORATED.

17. The Plaintiff found the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

18. The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein.  The barriers to access at Defendants' Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

19. Members of the ACCESS 4 ALL INCORPORATED organization include

individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, CARLOS CUESTA, visits the Denver to conduct business and other activities on behalf of the group and/or with its members.

20. Plaintiff, CARLOS CUESTA, has been discriminated against because of Title III ADA violations in the Defendants place of public accommodation.

21. Defendants, AURORA HOSPITALITY LLC and DENVER MANAGEMENT INC D/B/A EMBASSY SUITES DENVER CENTRAL PARK, own and/or operate, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants own and operate is the Commercial Property business located 924 S Sheridan Boulevard, Denver, CO 80226.

22. Plaintiff, CARLOS CUESTA, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and

businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

## ADA VIOLATIONS
## AS TO EXTERIOR BY DEFENDANTS, AURORA HOSPITALITY LLC ACCESS 4 ALL INCORPORATED

23. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. Defendant, AURORA HOSPITALITY LLC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

25. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property include, but are not limited to, the following:

  A. Parking

i. Accessible spaces in the west parking lot lack clear and level aisles, they have slopes or cross slope of (>2%) endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

ii. Accessible spaces in the east parking lot lack clear and level aisles, they have slopes or cross slope of (>2%) endangering Carlos Cuesta when unloading and violating the ADAAG and ADAS Section 502.

iii. Plaintiff was prevented from safely exiting his vehicle at Embassy Suites which lacks

6

    accessible unloading areas or (60" W x 20' L) are on slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

    B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Commercial Property which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at Commercial Property have cross slopes (>2%) creating hazardous conditions for Carlos Cuesta in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Accessible routes at Commercial Property's lobby entrance have cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iv. Accessible routes at Commercial Property have changes in level of (>3/4") creating hazardous conditions for Plaintiff violating ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

v. Ramps at Commercial Property lack compliant landings at top and bottom of each run (30" rise max) endangering Carlos Cuesta and violating the ADAAG and ADAS Section 405.

vi. Ramp surface in lobby entrance contains an excessive slope/side slope of (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

vii. Ramp surface in pool entrance contains an excessive slope/side slope of (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

viii.  Doors in Embassy Suites have inadequate maneuvering clearance of (see chart) preventing use by Plaintiff violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

## COUNT II – ADA VIOLATIONS
## AS TO INTERIOR BY DEFENDANTS, AURORA HOSPITALITY LLC AND DENVER MANAGEMENT INC D/B/A EMBASSY SUITES DENVER CENTRAL PARK

26.  The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

27.  Defendants, AURORA HOSPITALITY LLC and DENVER MANAGEMENT INC D/B/A EMBASSY SUITES DENVER CENTRAL PARK, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

28.  Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A.  Access to Goods and Services

i.  Counters are in excess of 36", preventing Plaintiff from using, in violation of Section 7.2 (1) of the ADAAG.

ii.  Table knee and toe space is high (27" min) and deep (17" min), preventing use by Plaintiff.

iii.  Table knee and toe space is high (27" min) and deep (17" min), preventing use by Plaintiff.

B. <u>Restrooms</u>

i. Plaintiff unable to use Mirror due to bottom-reflecting surface (40" AFF max), violating the ADAAG and 2010 ADAS.

ii. Stall door is not self-closing and/or lacks proper hardware, preventing use by Plaintiff, violating 2010 ADAS Sec. 604.

iii. Stall door is not self-closing and/or lacks proper hardware, preventing use by Plaintiff, violating 2010 ADAS Sec. 604.

C. <u>Accessible Guestrooms and Suites</u>

i. Doors or interior doors within all guestrooms and suites at Commercial Property lack 32" clear passage width for users of wheelchairs and crutches, impeding access to Plaintiff, violating ADAAG Sec. 9.4 and 2010 ADAS Section 224.1.2.

ii. Doors to enter, exit or use the accessible room lack requisite maneuvering clearance for users of mobility aids, impeding Plaintiff, in violation of ADAAG Sections 4.13.9 and 9.2.2(3) and 2010 ADAS Sec. 404.

iii. Maneuvering space at bed(s) (36" min) on sides or between two beds, prevents Plaintiff's transfer to either bed, violating the ADAAG and 2010 ADAS Section 1008.

iv. Drapery wands or controls on lamps or HVAC units are of inaccessible design or > 48" AFF, violating the ADAAG and 2010 ADAS Sections 308 and 309.

v. Rods and shelves in closets or wall mounted units > 48" AFF or lack the clear floor space for Plaintiff to approach, violating the ADAAG and 2010 ADAS Section 308.

vi. Toilet in accessible bathroom's side wall grab bar is not at least 42" long and 54" min from the rear wall mounted at 33"-36" AFF, preventing safe use to Plaintiff.

vii. Accessible guest bathroom toilet seat is (17"-19"), preventing use by Plaintiff, violating the ADAAG and 2010 ADAS Section 604.

viii. Clear floor space in bathroom does not allow Plaintiff to turn around in a 60" diameter circle or a "T"-turn area as shown in the ADAAG and 2010 ADAS Section 305.

ix. Roll-in shower is not 30" wide by 60" long or 36" wide by 60", as configured in 2010 ADAS Figure 608.2.2 or 608.2.3, preventing use Plaintiff.

x. Roll-in Shower lacks a securely fastened folding seat at 17"-19" AFF for Plaintiff to transfer and shower, violating the ADAAG and 2010 ADAS Sec 608.

xi. Faucet controls and shower wand are not positioned on the wall along the side of the shower seat to be are operable from the folding shower seat or from the shower wheelchair.

xii. Roll-in shower lacks faucet controls easily operable with one hand and/or adjustable height shower wand with a 60" long hose, preventing use by Plaintiff, violating the ADAAG and 2010 ADAS Sections 309 and 608.

## RELIEF SOUGHT AND THE BASIS

29. The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

30. The individual Plaintiff, and all other individuals similarly situated, have been

denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. §

12205 and 28 CFR 36.505.

33. Each Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

34. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

35. Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Denver, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS CUESTA, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 18, 2021

          **GARCIA-MENOCAL & PEREZ, P.L.**
          *Attorneys for Plaintiff*
          1600 Broadway, Suite 1600
          Denver, CO  80202
          Telephone:  (303) 386-7208
          Facsimile:   (305) 553-3031
          Primary E-Mail:   ajperez@lawgmp.com
          Secondary E-Mail: dperaza@lawgmp.com;
          bvirues@lawgmp.com.

          By:    */s/ Anthony J. Perez*
                ANTHONY J. PEREZ
                Florida Bar No.: 535451
                BEVERLY VIRUES
                Florida Bar No.: 123713